May it please the court. My name is James Wagstaff. I'm here today on behalf of the Perez family, Raul and Brittany Perez. The parents are here in court today and my colleague, Natalie Dreyer, is here in court who handled the entire investigation. This is a tragic injury case that calls out for equitable relief. Let's start with the first proposition. The trial court incorrectly ruled the statute involved was jurisdictional. It was a correct ruling 30 years ago. The Supreme Court has been very clear in the past 20 years, certainly post Arbaugh, that to bring discipline to the word jurisdiction, to avoid its profligate use, claims processing rules are not jurisdictional. Well, just a minute. What case would suggest that it isn't? Quan Fung Wong, Your Honor, would be a good one. Let's look at the statute. I mean, I looked at Wong and I looked at what happened in Wong and why it happened with Wong too. And Wong too is really one that was saying that a certain statute, which was 2401B, was not jurisdictional. However, they couldn't find anything that was really linking 2401B to any jurisdictional statute. To get here at all, we've got to go with 28 U.S.C. 1346B1, right? That's the jurisdictional statute, not the procedure statute. I understand. That's the jurisdictional statute. And right there in 1346B1 it says, and I quote, subject to the provisions of Chapter 171 of this title, or in other words, subject to the provisions of this statute, which is 2675A. Subject to that, the district court shall have jurisdiction of civil actions on claims against the United States. So it seems to me that different than 2401, when you look at our statute, it's absolutely clear there is a relationship. And that this relationship is right there in the statute 1346B1, which confers the jurisdiction to the court, which is what we have to have. With all due respect, Your Honor, I disagree and I'll tell you why. Well, I understand you disagree, but I wanted to lay it out so you'd know why I'm getting where we are. Sure. That, in Kwai Fong Wong, the court said the mere relationship between statutes, a jurisdictional statute and a procedural statute, is not enough. That's number one. I understand, Your Honor's reference. Since Kwai Fong Wong, starting as recently as Riley, from the Supreme Court, Riley v. Bondi, the court has said it's more than just a relationship. It requires that there be a clear statement by Congress in the statute itself, not a related statute, a clear statement in a statute. Just a minute. If the 1346B1 is the way we get jurisdiction at all over these tort claims, and right in there, in the statute, they write, subject to the provisions of, and they say 171 of this title, but what they're really saying is 2675A, then the district court shall have jurisdiction. That seems to me to be dead on statutory interpretation. It is not, and here's why. Since Kwai Fong Wong, the Supreme Court, on multiple occasions, as recently as a couple weeks ago, has found that it's not enough to have a relationship. Congress has an easy way they can do it. When they go to the statute, which, by the way, 171 calls it a procedural statute, they have to say the words jurisdiction. That's clear cut. Kwai Fong Wong said, for our case, the fact that 1346 refers to a different statute is not enough. Since Kwai Fong Wong, it says relationship alone is not enough. If you will – Back up. I'm going to go right to Wong. The Supreme Court in Wong said, and this is 411, 412, whereas 2401B houses the FTC's time limitations, a different section conferred power on the district court to hear FTC claims. Sections 1346B-1, district courts shall have exclusive jurisdiction over tort claims against the United States. Nothing conditions the jurisdiction grant on limitation periods or otherwise links. Treating 2401B's time bars as jurisdictional would thus divide the structural divide. Okay, so I apply that language to this statute, which I'm looking at, which is 2675A, and they can't say that at all. It definitely is there, and it definitely says it's subject to it. If it were the last word, Your Honor, I might do that. It's not the last word. The United States Supreme Court since has said there is a presumption against defining jurisdiction unless it is clearly stated in the statute itself, not a related statute. So let me ask you this, counsel, because I want to make sure that you address the government's argument that it really doesn't matter for purposes of 2675A, whether it's jurisdictional or claim processing rule. Because even assuming that it's not jurisdictional, the requirement is still mandatory, and so, therefore, there's no accrual exception that can be applied. And it seems to me that McNeil squarely addressed this issue. So how do you respond to that? Well, McNeil does not talk about jurisdiction at all. The Seventh Circuit and McNeil didn't talk about jurisdiction. They said mandatory. I hear you. But once it's not jurisdictional, we now have the court being obliged to deal with waiver, estoppel, and to deal with the tolling. I think what the Supreme Court was talking about in McNeil is, in essence, procedural rules that are mandatory. So then my question to you is why isn't this a procedural that's mandatory? No action shall be filed until the claim is presented in a final denial. Oh, that's an affirmative defense, Your Honor. Exhaustion by the Supreme Court, as in my citations, after many cases, exhaustion is an affirmative defense. In October of 2022, the government did not allege exhaustion of remedies as an affirmative defense. The court did not address waiver because it concluded it was jurisdictional. So even though it's – as Your Honor knows, the Supreme Court has told us in Riley and his progeny, Wilkins, other cases, even though it's mandatory, the court must still consider is there a possibility that the government doesn't meet its burdens in some of those areas. I mean doesn't Wong itself answer the question by saying even mandatory requirements does not make them jurisdictional? It does, and the Supreme Court has repeatedly said that as early as Irwin. Now – so in this case, Your Honor… Because the statute in Wong, the statute of limitations, is also mandatory. It's also framed in mandatory language. It is, but there's still equitable tolling allowed in that analysis. And Your Honor, there's a case that I think is so valuable for us to look at, which is Forrester v. Chertoff, not cited by the government in their brief but in ours. In Forrester you had, like this case, a statute that's mandatory that says you must give the EEOC notice before you sue, just like our statute, a presentment statute, a prematurity statute. The Ninth Circuit said in that case it's not jurisdictional. That's number one. Number two, and that makes sense because there's no clear statement. If you go to the statute, it doesn't have the word jurisdiction anywhere in that statute. But your best argument on McNeil's discussion of why it's so important to strictly adhere to 2675 because, as the Supreme Court says, that statute governs a mass, huge multitude of cases. And so, therefore, strict adherence is important. And your argument is, well, it's an affirmative defense, so it doesn't get triggered until later. That's an argument. It's waiver. I have estoppel and tolling as well. But, Your Honor – But if we're going to do – if we're going to look at the mandatory, did the district court – the district court didn't even address mandatory, did it? It did not. And more than that – So then if I need – do I need to, on appeal, send it back to the district court? At a minimum, Your Honor, because the district court didn't reach the very issues we're talking about. Well, can I – so – Go ahead. Go ahead. So here's my concern. You probably took my question. We do have Brady and Gervais, and it's established in our circuit, in all circuits, that a three-judge panel cannot overrule another one unless there's intervening Supreme Court authority that's clearly irreconcilable with it. And you may very well be right. You may have a basis to say that in light of the change in the trend line of the Supreme Court cases, this particular statute, 28675, should be deemed non-jurisdictional. But isn't that more appropriate for an en banc panel to take up? No, Your Honor. I'll tell you why. If there's intervening authority – and you're not acting on it new. In both Cascadia and in Stein – they're a good case to read – this circuit, in a panel decision, said we used to always say – you know, I'm old enough to remember when exhaustion was always jurisdictional. And then Fort Bend came down, and I have to start – I teach civil procedure. And one of my points of this entire case is we shouldn't have to have a procedure teacher to figure out what happens. In the case that's fully investigated by the government, in which all the facts were known and they said their investigation was done. Here in Stein, for example, the court says, we'd rather not be wrong. We were wrong before, and we're fixing it because the Supreme Court has given us authority. Our bow and following, and particularly – and Riley – Well, but frankly, in Stein, there was no way that the statute could have been read to be jurisdictional, period. And that's why they – I mean, no way the statute could have been read to go the way it had been read before. And so the Stein panel took it up and said, no way, and we're just going to do something. Here, that's why I gave you – that's why I ask you these questions. I'm not sure I can say with definity, definiteness, whatever you want to call it. Either. That it is absolutely clear that it isn't. So that's why I would have given – I was asking the same question as my good colleague did. With all these cases in the Ninth Circuit that say it's jurisdictional, it seems to me your argument is better laid in a jurisdictional basis to an – To an en banc court. That was the same argument made in Cascadia. I know. But, Your Honor, for 30 years, I taught the first defy rule was jurisdictional. 30 years. For 30 years, Cascadia says the Ninth Circuit in panel decisions had ruled that the notice requirement for endangered species acts was jurisdictional. And it ain't anymore. Excuse my language. And the reason the court says because the intervening authority says there must be a clear statement in the statute itself. Now, Your Honor, my time is at its state. But let me just – because I don't want to ignore it. Did you want to save the rest of your time? I do. And obviously, Your Honor, the second lawsuit is – cures any issues that we have here. I'd like to address that. But I appreciate the questions. I'll save the time and I'll try and deal with that on the rebuttal. Thank you, Your Honors. Thank you. Thank you. And may it please the court, Whaley Shaw for the United States. I'd like to begin with the jurisdictional question that the panel was just discussing and the clearly irreconcilable standard for overruling a prior panel decision or recognizing that a prior panel decision of this court is no longer good law. And so what this court said in FTC versus Consumer Defense is that if we can apply our precedent consistently with that of the higher authority, we must do so. And here it's clearly possible to continue applying this court's precedents, recognizing that the presentment requirement is jurisdictional, consistent with intervening Supreme Court precedent. And we know that, for example, because at least two circuits have actually found those cases to be the Supreme Court precedent and their circuit precedent establishing the same proposition to be consistent. And so those are the en banc Eighth Circuit and the Fourth Circuit, as well as the Third Circuit, which recognize that the present – I'm sorry, that the some certain requirement, which uses similar language, is also jurisdictional. And so – And let me ask, were those circuits decided before or after ARBA and the range of these cases that have come into play? Yes. I'm only speaking to courts that have not only addressed the issue after ARBA but have expressly discussed post-ARBA Supreme Court precedent and recognize that their existing circuit precedent is consistent with that intervening Supreme Court precedent. So is it your view that if there is this existing circuit split, a three-judge panel couldn't find that something is clearly irreconcilable because the terrain is too uncertain for a panel to do it itself? No. I'm not saying that. But I do think that those – the fact that two circuits have, in fact, recognized that those propositions can be reconciled provides very strong evidence that, in fact, this court's existing precedent to the same effect is also – can be applied consistent with intervening Supreme Court authority. Let me press you a little bit with Wong, which is the statute of limitations, also FTCA, using mandatory language, and the Supreme Court affirmed our circuit in finding that this was non-jurisdictional. What – is there something different in your view about a statute of limitations bar versus an exhaustion one? What makes those two things different? I think they are very different, and I can point to two kinds of differences, one in the text and two in the purposes of the statute. And so first, with regard to text, you know, the Supreme Court has said very clearly in Fort Bend County that Congress may make prescriptions jurisdictional by incorporating them into a jurisdictional provision. And then in Wong, in this court's opinion, this court's en banc opinion that the Supreme Court affirmed in Wong, this court said the exhaustion requirement, unlike the Section 2401B limitation period, is tied by explicit statutory language to jurisdictional and was deemed jurisdictional in Brady, which is another panel decision of this court from 2000. So there, the en banc Ninth Circuit recognized that there was an express textual link for the presentment requirement that does not exist for the statute of limitations, and that's because the jurisdictional provision, Section 1346B, begins with the clause subject to the provisions of Chapter 171. And the presentment requirement in 2675A is in Chapter 171. Section 2401 is not. That is the limitations period. That is in Chapter 161. And so, therefore, the textual argument does not apply. What about Mr. Wagstaff's argument that just having or even referencing another statute isn't enough to satisfy the clear statement rule? It's not just some sort of reference to another provision. The grant of provision in Section 1346B begins with the clause subject to the provisions of Chapter 171 and makes clear, therefore, that the presentment requirement is a conditioned precedent to the exercise of district court jurisdiction. So it's not just that they happen to be in close proximity in the statute. It is an express requirement that the condition be satisfied before the assertion of jurisdiction. Have you read Koppen, the Sixth Circuit case? I have. I mean, it takes up that issue because I think the Eighth Circuit had relied on it and didn't agree with it because of the notion that even if there's a reference to it, that doesn't imbue it with some sort of sense that Congress intended for this to be jurisdictional. And I think – and Riley recently kind of does reaffirm that you have to have an exceedingly clear signal from Congress to decide even if it's nested within a jurisdictional provision that it, too, must be jurisdictional. With all due respect to the Sixth Circuit, I think that reading entirely just reads the subject to clause out of the statute. Under that reading, that clause is not doing any work. If that clause is to mean anything, it has to be that the grant of subject matter jurisdiction in 1346B is somehow limited by something in Chapter 171. If that's not the case, there was no reason for Congress to put that clause in there. And I would also point out that the Supreme Court in the Brownback case has already said that every element of Section 1346B is jurisdictional. So all the elements of an FTCA claim are, in fact, jurisdictional. So it would be odd if the subject to clause that precedes all of those elements would not be jurisdictional. But I would also point out that, again, you know, we are all looking at this issue with the overlay of the fact that, you know, this Court is not writing on a clean slate, that there is a longstanding body of decisions of this circuit that hold that the presentment requirement is jurisdictional. So it's not just a question of, you know, what would the Court say if it were considering this matter as a matter of first impression. The question is, are those decisions clearly reconcilable with Supreme Court precedent? And we would submit that they are not. What about the second issue, about the correctly dismissing the second lawsuit? With regard to the second lawsuit, the reason that the second lawsuit was correctly dismissed was that plaintiff's counsel filed that lawsuit out of time. Well, what they say, the language wasn't clear. The language was maybe even wrong. And so, therefore, why should we have had to do that? It's hard to imagine how the language could be any more clear. So I'm reading now from the denial letter of August 25, 2022, which is in the record at 2ER226. And it says that your claim is also hereby denied by the United States Department of Agriculture. I am required by law to inform you that if you are dissatisfied with the denial of your claim under the Federal Tort Claims Act, you may file suit in an appropriate United States district court no later than six months after the date of mailing of this notification of denial. Well, they say the magic words are not there in the text, that the magic words are not there on the subject line. And, therefore, that's kind of nebulous. I mean, I think there is no requirement of magic words. There is no statute or regulation or case law saying that the denial letter has to include the word final in it. I mean, the language is your claim is hereby denied. And so, you know, it's not clear what else the agency could have said on that score. Is there ever a motion for reconsideration filed? No. Plaintiffs' counsel did not file a motion for reconsideration. And that would have been available to them if they felt like the legal reasoning of the denial letter was erroneous, for example, by referring to a deemed denial based on their filing of a lawsuit. They could have filed a motion for reconsideration with the agency, which would have told the deadline for filing a district court lawsuit. Or they obviously could have just filed their lawsuit in district court based on the timeline that was expressly stated in the letter. But they did not do so. Could we construe the government's filing of an answer in the district court as an acquiescence as to timeliness of either the first or the second lawsuit? I don't see how that would have any bearing on the second lawsuit. Plaintiffs, I mean, it's just an entirely different litigation. So I'm not sure, you know, what effect that would have. I don't see how it would have any effect on the second lawsuit. Plaintiffs do argue that the government's failure to expressly cite presentment as an affirmative defense in its answer in the first litigation constitutes a waiver or forfeiture of that. And I'm happy to discuss that. But I take it that would only apply if we did not find that it was a jurisdictional requirement. That's exactly right, Your Honor. And for all the reasons that I said earlier, I don't think that's an option that's available to this court without going en banc. And that's related to my discussion with counsel regarding McNeil and their argument that it's really an affirmative defense that gets raised at later stages. How do you respond to that? Sorry, to the proposition that this is a mandatory claim processing rule? Right. It isn't jurisdictional but mandatory. Right. So if this court were to conclude contrary to existing circuit precedent that the presentment requirement is a mandatory claim processing rule and not a jurisdictional requirement, the only implication of that, and the Supreme Court has made this clear, is that waiver and forfeiture would be possible. It does not mean that equitable exceptions are available. And the Supreme Court clearly established that proposition in McNeil. So regardless of what McNeil said about jurisdiction, it very clearly analyzed the text of the statute and concluded that presentment is mandatory and must be strictly enforced. So there is no room after McNeil to argue. So no equitable exceptions, but you'd still have waiver forfeiture. Yes. And so, you know, as I understand it, the Supreme Court has basically found there to be three categories. There's jurisdictional requirements, which are not subject to any equitable exceptions or forfeiture. There are mandatory claim processing rules, which are not subject to equitable exceptions but can be waived or forfeited. And then, you know, other kinds of rules, other kinds of claim processing rules like statutes of limitations that are subject to both equitable exceptions and waiver and forfeiture. So I think we're in the middle category if it's not jurisdictional. Why doesn't Wong undercut your argument? Because the statute of limitations was also deemed mandatory in Wong. So why do some mandatory rules allow for equitable exceptions and not others? I don't think that the statute of limitations in Wong was deemed mandatory. Your Honor may be referring to the difference between mandatory language and a mandatory claim processing rule. So the Supreme Court has sometimes said that even mandatory language like the word shall does not necessarily mean that there are no equitable exceptions. So that's what the Supreme Court found in Wong, for example. There is a presumption under the Irwin decision in the Supreme Court that limitations periods are subject to equitable tolling. Now, there is no similar presumption for exhaustion requirements or presentment requirements. And a mandatory claim processing rule is not the same as simply a statutory provision that uses the word shall. The Supreme Court's precedent that we cite in our briefs makes absolutely clear that when you have a mandatory claim processing rule, there are no equitable exceptions, although, again, waiver or forfeiture are possible. Can I have you in the few minutes you have left to address equitable tolling as to the second lawsuit and specifically on the question of diligence? It's not just the one portion of the letter that you read out. It's the whole sequence creates confusion with the filing of the first lawsuit and the multiple letters and the initiation of the second lawsuit. Can you give me your best argument on that? Yes. I mean, there are many reasons why plaintiffs – there is no extraordinary circumstance. That's the other requirement for equitable tolling. There is no extraordinary circumstance that prevented plaintiffs from timely filing their suit. They had every reason to know of what they needed to do. So, for example, the government – well, the FTCA's requirements are absolutely clear about, you know, what needs to happen. There's two years to file your administrative claim. You have to wait six months after the filing of your administrative claim or until the actual denial of that claim to file your district court lawsuit, and you have six months from actual denial to file that lawsuit. So the requirements of the statute are absolutely clear. There was no reason that plaintiffs needed the government to inform them of the time limits to the statute. It was plaintiffs' counsel's obligation to timely present their clients' claims. Even plaintiffs themselves even wrote in their complaint that the deemed denial date, the earliest date on which they could have filed a lawsuit was, I think, June 3rd, but they actually filed their lawsuit several days before that. So they knew of the requirements. And then on top of all of that, the government informed plaintiffs' counsel of all the facts that they needed to timely preserve their clients' claims. So they – you know, in the denial letter, the agency said that the claim was denied and that plaintiffs had six months to file a lawsuit. On February 9th, 2023, the government informed plaintiffs' counsel expressly of the government's position that PREZ 1 was premature and that the government would seek to dismiss. So from February 9th to February – I believe it was February 23rd when the deadline expired, they had at least two weeks to simply refile the same complaint that they filed in PREZ 1. If they had done so, they would have been able to preserve their rights, but plaintiffs' counsel did not do so. And there's no basis to excuse plaintiffs' counsel's failure to comply with the requirements of the FTCA here. If the court has no further questions, we ask that the judgment of the district court be affirmed. Thank you, counsel. Thank you. Your Honor, affirmative defense is – it is an affirmative defense. Under Rule 8c, it shall be included. It was not. The only possible exception is if they can show there was no prejudice to plaintiff. The district court didn't reach that. At a minimum, there must be a remand to determine if that affirmative defense where. Your Honors, they then litigated the case and never raised the subject. I want to talk about confusion and equitable tolling. And Forrester v. Chertoff is such an important read because it's the only case that deals with prematurity filing before you give the government notice. And in that case, the court finds not only it's not jurisdictional. Forrester v. Chertoff is an important case because – and not cited by the government because it also says that in that case, the interest of justice when the government knew all about it. Let me say this. This is not a case where someone waited five years to tell the government. This is not a case where the government suffered a problem with its investigation. This is a case where my clients almost immediately after their son's death and the injuries caused contacted the government. They investigated for over two years. My client and their lawyer, Ms. Dreyer here, was told the investigation was complete. And then she says, an email, can I file? They didn't say anything. So she's lulled. But lulling is not enough for equitable tolling. There's more. Next is the letters. This letter – I was brought in this case after it all happened, and I'm a procedure teacher. And I said, huh, that letter says as a result of your filing, it's denied. That's wrong. Their own argument said it's a nullity under McNeil. Therefore, it's not denied as a result of filing. It's a misnomer. But there's more. The government then – this is very important. The government's lawyer in an email of April the 13th and then filing on April the 14th says your earliest possible date to file is October 18th. Now, if the letters were valid letters, that, of course, would have been one day after the letter. You could have filed. Here's what they meant. In citing 2675A, they said we don't think it was denied. Therefore, it's deemed denied. You can't sue under McNeil until it's deemed denied on the 18th of October. That's the only way to read those statements. That they concluded, lawyers who know this statute very well, they concluded that it was deemed denied, not denied. Otherwise, you can make no sense of that statement. And that's what they tell the court. Now, if it's deemed denied October 18th, our filing on April the 17th is within six months. It's timely. The second suit – so I got brought in and said, huh, I think it's not jurisdictional. I think they should have had an affirmed defense, but let's use belt and suspenders or hold our pants up and let's file a protective second suit because this letter is very confusing. There was an earlier letter. Who knows which one applies? It's not – there was no evidence. Ms. Dreyer signed a declaration that said I thought that they thought the first one was good enough because they didn't say drop the first suit. The government – but here's the big thing. How else can you make sense of the October 18th date that they told us about unless they concluded those letters were not denials? Therefore, the second lawsuit is fine. And lastly, Your Honor, my last 12 seconds, equitable tolling – You're 14 seconds over time, but go ahead. I'm over time. Go ahead and give it to us. So stipulated. Your Honors, equitable tolling is designed to protect against the loss of rights on rigid interpretations of statutes. That's why we have it. Equitable tolling is presumed. We know that from Erwin. Chertoff tells us that at the interest of justice – in that case, you know what happened? The lawyer filed early because they thought they had to, just like Ms. Dreyer did. She thought the state statute is running, and so she filed. And now they want to turn it into a malpractice suit, by the way. The fact of the matter is is that in this case, under Chertoff, Forrester v. Chertoff – I didn't mean to point you out, Your Honor. Forrester v. Chertoff tells us that at the interest of justice are going to be satisfied. I can't think of anything more at the interest of justice in this case than allowing this family to litigate a case involving the loss of their child's life as a result of a treaty that should have been properly pruned. Your Honor, that's why equity resides in this court. To do justice, to allow this lawsuit to go forward, at a minimum, Your Honor, it's a remand to determine the issues this court never – the trial court never reached. Thank you, Your Honor. Thank you very much. Thank you to both sides for your arguments this morning. It's a tragic case, and our sympathies to your client's family, counsel. We're here trying to grapple with some difficult legal issues, and we certainly very much appreciate arguments from both sides. The matter is submitted.
judges: SMITH, NGUYEN, SANCHEZ